United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Eugene A. Height,  Case No. 10-46169-R
        Debtor.  Chapter 7
_____/

Five Star Laser, Inc. and
Thomas J. Grzywacz, Jr.,
        Plaintiffs,

v.  Adv. No. 10-6125

Eugene A. Height,
        Defendant.
_____/

Opinion Granting Motion to Dismiss Complaint

I.

On February 28, 2010, the debtor, Eugene A. Height, filed for chapter 7 relief. The meeting of creditors was scheduled for April 14, 2010, and the deadline to file complaints objecting to the discharge or to determine dischargeability of debts was set for June 14, 2010.

The meeting of creditors was continued several times to April 28, 2010, May 12, 2010, and May 26, 2010. On May 26, 2010, the Court entered an order on stipulation between the debtor and the trustee entitled Order Adjourning First Meeting of Creditors and Extending Bar Dates. The order provided, in pertinent part:

> IT IS FURTHER ORDERED that the deadline to file a complaint objecting to the discharge of the Debtor(s) under 11 U.S.C. § 727 or to determine the dischargeability of certain debts under 11 U.S.C. § 523 is extended thirty days from the original date.

    * * * *

> IT IS FURTHER ORDERED that these deadline extensions apply to trustee only.

See May 26, 2010 Order, Dkt. #23.

An additional docket entry on May 26, 2010 provides:

> Deadlines Updated FOR TRUSTEE ONLY (RE: related document(s) 23 Order to Continue/Reschedule/Adjourn Hearing) Last day to oppose discharge or dischargeability is 7/14/2010. (Cotton, N) (Entered: 05/26/2010)

See May 26, 2010, dkt. entry.

The meeting of creditors was again continued to June 1, 2010, June 12, 2010 and finally completed on July 14, 2010.

On July 13, 2010, Five Star Laser and Thomas J. Grzywacz, Jr. filed this adversary proceeding against the debtor objecting to the discharge of debt under § 523(a)(2), (4), and (6).

The debtor has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Following a hearing on September 27, 2010, the Court took the matter under advisement.

II.

It is the position of the debtor that the complaint was untimely because it was filed after the June 14, 2010 bar date. The debtor asserts that the bar date was extended for the trustee only and the extension did not apply to creditors. The debtor asserts that the plaintiffs did not appear at any of the scheduled meetings of creditors and did not need extra time to file their complaint.

The plaintiffs argue the provision in the order indicating that the deadline extensions apply to the trustee only creates an ambiguity because the trustee is not permitted to filed a § 523 complaint. The plaintiffs further contend that both the doctrines of equitable tolling and equitable estoppel should apply.

2

III.

A.

Bankruptcy Rule 4007(c) provides:

> [A] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed. R. Bankr. P. 4007(c).

The plaintiffs rely on *Brady v. McAllister* (*In re Brady*), 101 F.3d 1165, 1170 (6th Cir. 1996), in support of their position that the order extending the bar date applied to them. In *Brady*, the trustee filed a motion two days before the expiration of the bar date which stated:

> Comes the Trustee, by counsel, and moves the Court to extend the date for filing non-discharge complaints in the aforestated case for the period of 90 days, or through and including October 21, 1992. In support of this motion the Trustee states that he has not yet determined whether a non-discharge complaint is appropriate in this case but believes that by October 21, 1992 sufficient investigation and discovery of facts will have occurred to determine whether a non-discharge complaint is appropriate.

Brady, 101 F.3d at 1167.

The court granted the motion and entered an order prepared by the trustee, which stated that "the Trustee in bankruptcy for James A. Brady shall, on behalf of the estate and all unsecured or undersecured creditors of the estate, have through and including October 21, 1992 in which to file non-dischargeability complaints in the aforesaid case." *Brady* at 1167.

On October 20, 1992, a creditor filed a complaint to determine dischargeability of its debt.

3

The debtor filed a motion to dismiss, arguing that the extension of dates applied to the trustee only. The bankruptcy court denied the motion in an order dated January 12, 1993, which stated:

> This Court holds that its previous order of July 23, 1992 on the trustee's motion to extend the time for filing nondischargeability actions under 11 U.S.C. § 523 was intended to extend the time for filing 11 U.S.C. § 523 to all creditors including McAllister and that therefore McAllister's complaint under 11 U.S.C. § 523 was timely filed.

*Brady* at 1167.

The decision was affirmed by the district court. On appeal to the Sixth Circuit, the court held that the trustee did have standing to seek an extension of time to file § 523 actions on behalf of creditors and, although the order and the trustee's motion were somewhat ambiguous, the bankruptcy court's interpretation of its own order would not be overturned. *Id*. at 1169.

*Ellsworth Corp. v. Kneis* (*In re Kneis*), 2009 WL 1750101 (Bankr. D.N.J. June 15, 2009), presented facts similar to those before the Court. There, the debtor and the trustee entered into a consent order which stated that "the deadline by which the Trustee may file a Complaint pursuant to 11 U.S.C. §§ 523 and 727 be, and is hereby extended to and including September 11, 2008." *Id*. at *3. On the issue of whether the consent order applied to creditors, the court stated:

> Courts have typically held that an order providing an extension of time to file nondischargeability complaints may extend to creditors other than the moving party when surrounding circumstances indicate that the order provides a general extension. *Donegal Mutual Ins. Cos. v. Watkins* (*In re Watkins*), 365 B.R. 574, 577 (Bankr. W.D. Pa. 2007). Rule 4007(c) requires a hearing on notice and a showing of cause as prerequisites for any extension of time to file under Section 523(c). In cases where courts have found that an order provides a general extension to all creditors, the surrounding circumstances provided notice to the court and the debtor that a general extension was requested, demonstrated that cause existed for a general extension, and the subsequent order indicated that a general extension was granted. *See In re Watkins*, 365 B.R. 574; *In re Brady*, 101 F.3d

4

1165; *In re Demos*, 57 F.3d 1037 (11th Cir. 1995).

*Kneis* at *3.

The plaintiffs here primarily argue that the trustee has the authority to move for an extension on behalf of creditors. However, the plaintiffs have not established that the circumstances warrant a finding that the extension did in fact apply to them. Although the meeting of creditors was continued several times, the plaintiffs did not attend any of the meetings and do not contend that the delays in the creditors' meeting somehow hindered their ability to investigate whether they had a valid § 523 action. Indeed, all of the facts included in their § 523 action were available to them when the debtor initially filed his case. The plaintiffs had already filed suit against the debtor and his company in state court for the actions which form the basis of their § 523 complaint. Moreover, the order itself, as well as the entry on the ECF docket describing the order, make it clear enough that the extension was for the trustee only.

Accordingly, the Court concludes that the order extending time applied only to the trustee.

B.

The Sixth Circuit has held that Rule 4007 is a "deadline," rather than a jurisdictional requirement. *Nard v. Maughan* (*In re Maughan*), 340 F.3d 337 (6th Cir. 2003). Thus, Rule 4007 is subject to the defenses of waiver, equitable tolling, and estoppel.

There are five factors that should be considered when deciding to apply the doctrine of equitable tolling: "The factors are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

In *Zabivnik v. Hannen* (*In re Hannen*), 383 B.R. 683 (Bankr. N.D. Ohio 2008), the plaintiffs filed their nondischargeability complaint three days late due to their attorney's unfamiliarity with the court's electronic filing system. In response to the debtors' motion to dismiss the complaint, the plaintiffs argued, in part, that the doctrine of equitable tolling should be applied to allow their untimely complaint. The court responded:

> In *In re Maughan*, 340 F.3d 337 (6th Cir. 2003), the court applied the doctrine of equitable tolling because the reason that the creditor filed his complaint untimely was because the debtor withheld information which prevented the creditor from having the facts on which to prepare his complaint. *In re Maughan*, 340 F.3d 337 (6th Cir. 2003). Herein, the only reason that the Plaintiff provided in his brief for the delay was his inexperience with electronic filing in this Court. There was no allegation of withheld information which prevented him from preparing a complaint. In *In re Buxton*, Case No. 05-63823, Adv. No. 06-6013, 2006 WL 3253163 (N.D. Ohio Nov. 8, 2006), the court held that equitable tolling of the filing deadline was appropriate because debtor prevented creditor from discovering that debtor was attempting to discharge the debt owed to her. *In re Buxton*, Case No. 05-63823, Adv. No. 06-6013 (N.D. Ohio Nov. 8, 2006). Equitable tolling applied in these cases because the debtor interfered with the action the creditor needed to take. There is no allegation that the Debtor in this case prevented the Plaintiff from filing the Complaint timely.

*Hannen* at 688.

The delay here was not due to any improper action on the debtor's part. It was due to the plaintiffs' failure to read the entire order, which stated that it applied to the trustee only.

Accordingly, the Court concludes that the plaintiffs were not diligent in pursuing their rights and equitable tolling does not apply.

The plaintiffs argue that waiver applies because the debtor stipulated to the extension of the bar date and cannot now reject that position. However, the stipulation was as to the trustee only.

Finally, the plaintiffs argue that equitable estoppel applies. The doctrine of equitable

estoppel "precludes a party to a lawsuit from raising a certain defense, regardless of the merits of the defense, because of some improper conduct on that party's part." *State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 819 (6th Cir. 1988). "[T]he traditional elements of equitable estoppel are: (1) misrepresentation by the party against whom the estoppel is asserted; (2) reasonable reliance on the misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *Mich. Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir. 2004).

Contrary to the plaintiffs' assertion, there was no misrepresentation by the debtor. The stipulation was between the trustee and the debtor, only, and the order stated that it applied to the trustee, only.

Accordingly, the Court concludes that equitable estoppel does not apply.

The motion to dismiss will be granted.

Not for Publication.

**Signed on October 26, 2010**

                                              **/s/ Steven Rhodes**
                                              **Steven Rhodes**
                                              **United States Bankruptcy Judge**